**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4065-16T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

WARREN R. GERHARD,

     Defendant-Appellant.

_____

Submitted June 26, 2018 – Decided October 26, 2018

Before Judges Nugent and Accurso.

On appeal from Superior Court of New Jersey, Law Division, Cape May County, Indictment No. 16-03-0317.

Joseph E. Krakora, Public Defender, attorney for appellant (Molly O'Donnell Meng, Assistant Deputy Public Defender, of counsel and on the briefs).

Jeffrey H. Sutherland, Cape May County Prosecutor, attorney for respondent (Gretchen A. Pickering, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Warren R. Gerhard was convicted by a jury of operating a motor vehicle during a license suspension for a second or subsequent conviction for driving while intoxicated, N.J.S.A. 2C:40-26(b). He appeals his conviction, contending the court erred in refusing to instruct the jury on the defense of necessity and in permitting the State to call a witness on rebuttal to testify as to the temperature on the day in question. Finding no error, we affirm.

The responding officer testified at trial that early in the afternoon of February 2, 2016, he was dispatched to the area of Gorham and Scott Avenues in Lower Township on the report of a disoriented individual. When he arrived, he saw the individual getting into a car. The officer stopped the car, driven by defendant, to check on the welfare of the passenger, whom he observed to be intoxicated. The officer was familiar with the passenger, one Shipley, from prior encounters. The officer called the rescue squad for Shipley and learned that defendant's license was suspended, prompting the officer to write him a summons. Emergency medical technicians examined Shipley, who refused further treatment, and defendant called his wife to drive him and Shipley home.

The EMTs testified for defendant. The technician who examined Shipley explained the officer advised him that Shipley had tripped and fallen and asked that they evaluate him. The technician testified he knew Shipley and that he had

A-4065-16T4

previously suffered a traumatic brain injury that could affect his equilibrium, causing him to trip and fall. He testified Shipley was oriented as to person, place and time, was not injured and refused treatment.

Defendant, who had three prior convictions for driving while intoxicated, testified in his own behalf, initially outside the presence of the jury. He told the judge he was outside raking leaves when Shipley telephoned him. According to defendant, Shipley said "he had fallen, that he was very cold, and that he was disoriented and wasn't exactly sure where he was." He told defendant "there was a main road" and that "he was about a block from [defendant's] home, could [defendant] please come get him."

Defendant testified that Shipley "wasn't sounding coherent" and suspected he was in the early stages of hypothermia. Defendant explained that based on his "previous experience in rescue" in the Coast Guard and his "EMT training" he concluded Shipley's situation was dire and required immediate action. He testified he rejected calling 911 because he was not exactly sure where Shipley was located and defendant's wife was unavailable to drive him because she was in the shower. Believing he "didn't have much time to make this decision, [he] grabbed his keys" and drove the block to assist Shipley.

A-4065-16T4

After hearing defendant's testimony, the judge declined his request to charge the jury on necessity. Relying on State v. Tate, 102 N.J. 64, 74 (1986), the judge found the defense unavailable to defendant because he could not demonstrate that driving to Shipley's rescue was the only available alternative. The judge noted that Shipley telephoned defendant at 1:30 in the afternoon, when there are "a lot of people in the street." Indeed, the judge noted, someone else had already called the police to assist Shipley. Further, the judge found defendant could have called 911 with where he suspected Shipley could be found or have waited the few minutes to allow his wife to drive him.

Although ruling that defendant was not entitled to a charge on necessity, the judge did not limit defendant's testimony. Defendant thus explained to the jury why he drove to Shipley's aid, although aware he was on the suspended list. Defendant testified Shipley, as suspected, was "disoriented" and "in the early stages of hypothermia." Defendant also testified at length about the weather, claiming it "was in the teens" and that Shipley was dressed in a sweatshirt and was without a hat or gloves.

After the defense rested, the State sought to call a detective in the prosecutor's office on rebuttal to testify to the temperature according to national weather databases on the day defendant went to Shipley's aid. The prosecutor

4

noted the court had already observed out of the presence of the jury that the prior February had been warm, and he asserted defendant's testimony about the temperature and hypothermia had been a surprise. Over defendant's objection, the court permitted the State to call the detective for the limited purpose of presenting the temperature in Cape May on that day. The detective testified that according to the database he consulted, the temperature was forty-eight degrees.

Defendant raises the following issues for our consideration:

POINT I

THE TRIAL COURT ERRED IN FAILING TO CHARGE THE JURY ON THE DEFENSE OF NECESSITY, WHICH WAS THE ONLY DEFENSE OFFERED TO THE CHARGE OF DRIVING WITH A SUSPENDED LICENSE. NECESSITY WAS CLEARLY INDICATED BY DEFENDANT'S TESTIMONY THAT HE DROVE IN RESPONSE TO AN EMERGENCY CALL THAT HIS FRIEND, WHO HAD A TRAUMATIC BRAIN INJURY, HAD FALLEN AND NEEDED MEDICAL HELP. THE TRIAL COURT FURTHER ERRED BY PERMITTING THE STATE TO TELL THE JURY THAT THERE WERE NO DEFENSES AVAILABLE TO DEFENDANT.

POINT II

THE TRIAL COURT ERRED BY PERMITTING THE STATE TO INTRODUCE IMPERMISSIBLE HEARSAY TESTIMONY ABOUT THE TEMPERATURE ON THE DATE OF THE INCIDENT, GLEANED FROM A WEBSITE, AFTER

A-4065-16T4

THE DEFENDANT COMPLETED HIS CASE-IN-CHIEF, AND WITHOUT PROVIDING NOTICE TO THE DEFENSE OR EVEN PLACING DETECTIVE BERG ON ITS WITNESS LIST.

Our review of the record convinces us that neither of these arguments is of sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2).

"The defense of necessity is strictly limited under the Code." State v. Morris, 242 N.J. Super. 532, 541 (App. Div. 1990). Even assuming the defense is not clearly precluded by the language of N.J.S.A. 2C:3-2,[1] which we do not acknowledge, it is plain defendant did not establish the elements of common-law necessity, which are:

> (1) There must be a situation of emergency arising without fault on the part of the actor concerned;
>
> (2) This emergency must be so imminent and compelling as to raise a reasonable expectation of harm,

---

[1] N.J.S.A. 2C:3-2(a) provides:

> Necessity. Conduct which would otherwise be an offense is justifiable by reason of necessity to the extent permitted by law and as to which neither the code nor other statutory law defining the offense provides exceptions or defenses dealing with the specific situation involved and a legislative purpose to exclude the justification claimed does not otherwise plainly appear.

6

either directly to the actor or upon those he was protecting;

(3) This emergency must present no reasonable opportunity to avoid the injury without doing the criminal act; and

(4) The injury impending from the emergency must be of sufficient seriousness to outmeasure the criminal wrong.

[State v. Romano, 355 N.J. Super. 21, 29 (App. Div. 2002) (citation omitted).]

Assuming the danger to Shipley was as grave as defendant perceived, the trial court found defendant had reasonable alternatives to getting in his car and driving to Shipley's aide, namely calling 911 or waiting for his wife to drive him. Because "a legal alternative was available, the illegal alternative was not 'necessary,' and resort to it was not justified." Tate, 102 N.J. at 75. Accordingly, we find no error in the trial court's refusal to charge the jury on necessity.

The court's determination to allow the State's rebuttal witness requires only brief comment. The law is well established that rebuttal evidence is permissible in a criminal prosecution "when necessary because of new subjects introduced on direct or cross-examination of defense witnesses." State v. Cook, 330 N.J. Super. 395, 418 (App. Div. 2000). Where, as here, the evidence would have been admissible in the State's case in chief, the trial court has broad

7

discretion as to its admission, which will not be disturbed absent gross abuse. State v. Provoid, 110 N.J. Super. 547, 557 (App. Div. 1970).  As the temperature outside on the day of Shipley's mishap was a fact that could have been judicially noticed pursuant to N.J.R.E. 201(b)(3), we cannot find the court abused its discretion in permitting the State to present such testimony in rebuttal to counter defendant's unexpected testimony about the coldness of the day.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION